# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                          No.  CV 95-0379 SC/LFG

ROBERT LEE WILSON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Nora Wilson's Motion to Deny Surcharge, filed July 13, 2000 [Doc. No. 32].  The Court, having read the motion and memoranda and being apprised of the applicable law, concludes that the motion is well-taken.

Nora Campbell Wilson is the spouse of Defendant Robert Lee Wilson. Mr. Wilson pled guilty to fraud in connection with a 1984 misappropriation of funds.  On June 23, 1995, a stipulated consent judgment was entered against Mr. Wilson in the amount of $101,573.84, plus costs and interest.[1]  Mr. Wilson has payed $10,440.00 of the original debt over a three and one-half-year period, leaving an outstanding balance of $94,540.48.[2]  The Government garnished Mr. Wilson's wages earlier this year and seeks

---

[1] Interest at the legal rate from the date of judgment, computed daily and compounded annually until the judgment is paid in full, accrues if Mr. Wilson fails to comply with the established repayment plan.  It appears that such failure did occur and that interest began accruing January 1, 1999.

[2] This figure is taken from Ms. Wilson's supporting memorandum, filed July 13, 2000, and the Government's application for writ of garnishment regarding Ms. Wilson, filed March 23, 2000.  However, in the Government's application for writ of garnishment regarding Mr. Wilson, filed December 8, 1999, the

to garnish Ms. Wilson's property, including her nonexempt, disposable earnings, which is in the possession, custody, or control of Remax Advantage Ltd. Payroll Department. In its writ of garnishment regarding Ms. Wilson, the Government also seeks a surcharge in the amount of $9,454.05 under 28 U.S.C. § 3011(a). It is this surcharge which is at issue here.

Under the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3001-3308, the federal government may impose a one-time surcharge of 10% of the amount of debt owed it by a defendant. See 28 U.S.C. § 3011(a); see also United States v. Sackett, 114 F.3d 1050, 1053 (10th Cir. 1997). The surcharge is not available in an action to obtain judgment on a debt, but must be sought in a prejudgment or postjudgment action or proceeding on the debt. See 28 U.S.C. § 3011(a); see also Sackett, 114 F.3d at 1053. The purpose of the surcharge is "to cover the cost of processing and handling the litigation and enforcement under [the Act] of the claim for such debt." See 28 U.S.C. § 3011(a). The surcharge may not be imposed if "(1) the United States receives an attorney's fee in connection with the enforcement of the claim; or (2) the law pursuant to which the action on the claim is based provides any other amount to cover such costs." Id. § 3011(b).

Ms. Wilson contends that under § 3011(b)(2) the surcharge cannot be imposed because the garnishment action against her property is pursuant to a state law which

---

Government stated that the $10,440 payment on the debt left an outstanding balance of $95,510.01. No explanation of the discrepancy is provided.

2

provides for costs and/or attorney fees.  The Government disagrees and contends that federal law governs the imposition of the surcharge.

Under the Federal Debt Collection Procedures Act, a court may issue a writ of garnishment against property, including 25% of a judgment debtor's disposable earnings, in which the debtor has a substantial nonexempt interest and which is in the possession, custody, or control of another.  See 28 U.S.C. §§ 3002(9), 3205(a).  "Co-owned property shall be subject to garnishment to the same extent as co-owned property is subject to garnishment under the law of the State in which such property is located."  Id. § 3205(a); see id. § 3010(a) ("remedies available to the United States under this chapter may be enforced against property . . . co-owned by a debtor and any other person only to the extent allowed by" relevant state law).

Under New Mexico law, if the separate property of debtor spouse is insufficient to satisfy the separate debt of that spouse, "the debt shall be satisfied from the debtor spouse's one-half interest in the community property . . . ."  N.M. Stat. Ann. § 40-3-10(A) (1999 Repl. Pamp.); see Central Adjustment Bureau, Inc. v. Thevenet, 101 N.M. 612, 615-16, 686 P.2d 954, 957-58 (1984); Jemko, Inc. v. Liaghat, 106 N.M. 50, 52-53, 738 P.2d 922, 925-26 (Ct. App. 1987).  Generally, under New Mexico law, the earnings of a married couple are community property and, thus, a spouse has a vested one-half interest in the other spouse's income.  See  Thevenet, 101 N.M. at 615-16, 686 P.2d at 957-58.  A creditor may garnish that portion of the innocent spouse's wages which represent the debtor spouse's community property.  See Jemko, 106 N.M. at 52-53, 738

P.2d at 925-26 (citing Thevenet and N.M. Stat. Ann. § 35-12-7 (Cum. Supp. 1983)). Moreover, if the plaintiff prevails in a garnishment proceeding, the plaintiff may be awarded the actual costs of the proceeding and/or a reasonable attorney fee, so long as neither award exceeds 10% of the judgment entered against the garnishee. See N.M. Stat. Ann. § 35-12-16(A) (1996 Repl. Pamp.).

The Government is precluded under the plain language of 28 U.S.C. § 3011(b)(2)[3] from seeking a surcharge under § 3011(a) in its garnishment action against Ms. Wilson's property. The Government is seeking to garnish the property of Ms. Wilson, including 12.5% of Ms. Wilson's net disposable earnings – i.e., 25% of Mr. Wilson's one-half interest in Ms. Wilson's earnings. Its action is pursuant to New Mexico community property and garnishment law, not federal law. New Mexico garnishment law provides for costs and an attorney fee. Such an award would provide an alternative cover of the Government's enforcement costs. Therefore, Ms. Wilson's motion to deny the surcharge will be granted. Costs and/or an attorney fee pursuant to N.M. Stat. Ann. § 35-12-16(A) cannot be awarded to the Government at this time, however, because there is no garnishment order regarding Ms. Wilson. If the Government prevails in the garnishment action regarding Ms. Wilson, the Court will consider awarding it costs and/or an attorney fee under § 35-12-16(A).

---

[3] The surcharge may not be imposed if "the law pursuant to which the action on the claim is based provides any other amount to cover such costs." Id. § 3011(b)(2).

**NOW, THEREFORE, IT IS ORDERED** that Nora Wilson's Motion to Deny Surcharge, filed July 13, 2000 [Doc. No. 32] is GRANTED.  The Government's imposition of a 10% surcharge under 28 U.S.C. § 3011(a) in its March 24, 2000 writ of garnishment is STRICKEN.  The Court will consider awarding costs and an attorney fee to the Government pursuant to N.M. Stat. Ann. § 35-12-16(A) if and when it issues an order of garnishment against the property of Nora Wilson possessed by or held in the control or custody of Remax Advantage Ltd. Payroll Department.

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: John W. Zavitz, U.S. ATTORNEY'S OFFICE, Albuquerque, N.M.
 (on briefs, Norman C. Bay and Manuel Lucero, U.S. ATTORNEY'S OFFICE, Albuquerque, N.M.)

Counsel for Defendant: James A. Rawley, Albuquerque, N.M.

Counsel for Nora Wilson: James A. Rawley, Albuquerque, N.M.