**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                              No.  CV 95-0379 SC/LFG

ROBERT LEE WILSON,

        Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on the Plaintiff's request for an attorney fee in its proposed Order of Garnishment directed to Garnishee Remax Advantage Ltd. Payroll Department (Garnishee), and on Nora Wilson's Objection to Order of Government. Neither the proposed order nor the objection is filed.

The proposed order concerns the net wages the Garnishee was indebted to the Defendant's spouse, Nora Campbell Wilson. The proposed order also states that, pursuant to N.M. Stat. Ann. § 35-12-16(A), Plaintiff is entitled to an attorney fee, not to exceed ten percent, in the amount of $9,454.05. Ms. Wilson objects to the award of attorney's fees in the amount of $9,454.05, and contends that the Court should determine a reasonable fee based on services on an hourly basis.

The Court has issued an Order of Garnishment as to the Garnishee and Ms. Wilson. As discussed in the Court's Memorandum Opinion and Order dated October

30, 2000, N.M. Stat. Ann. § 35-12-16(A) applies to the determination of costs and/or fees to which Plaintiff is entitled.  Section 35-12-16(A) provides:

> If the Plaintiff prevails in a garnishment proceeding, he may be awarded either one or both of the following:
>
>> (1) the actual costs of the proceeding, not exceeding ten percent of the judgment entered against the garnishee; or
>> (2) a reasonable attorney fee not exceeding ten percent of the judgment entered against the garnishee.

N.M. Stat. Ann. § 35-12-16(A) (1996 Repl. Pamp.).  Plaintiff is not requesting an award of actual costs pursuant to § 35-12-16(A)(1).  Plaintiff is requesting an attorney fee that is equivalent to ten percent of the judgment (and to the ten percent surcharge it previously requested under 28 U.S.C.§ 3011).  Pursuant to the plain language of § 35-12-16(A)(2), a fee awarded under § 35-12-16(A)(2) is limited not only to ten percent of the judgment, but also to that which is reasonable.

Plaintiff has provided no explanation in response to Ms. Wilson's objection as to why its requested attorney fee award in the amount of $9,454.05 is reasonable.  Reviewing the documents filed and/or mailed to the Court in connection with Plaintiff's enforcement of its debt claim against Defendant through its garnishment action involving Garnishee Remax and Ms. Wilson, I conclude that a reasonable attorney fee is $2,000.00.  Because Plaintiff will receive "an attorney's fee in connection with the enforcement of the claim," Plaintiff is prohibited from seeking in the future a ten percent surcharge pursuant to 28 U.S.C. § 3011(a).  28 U.S.C. § 3011(b)(1).

**NOW, THEREFORE, IT IS ORDERED** that Plaintiff is entitled to an attorney fee of $2,000.00, pursuant to N.M. Stat. Ann. § 35-12-16(A)(1).

_____
SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff: John W. Zavitz, U.S. ATTORNEY'S OFFICE, Albuquerque, N.M. (on briefs, Norman C. Bay and Manuel Lucero, U.S. ATTORNEY'S OFFICE, Albuquerque, N.M.)

Counsel for Defendant: James A. Rawley, Albuquerque, N.M.

Counsel for Nora Wilson: James A. Rawley, Albuquerque, N.M.